Submitted February 26, affirmed May 14, 1979

# EMPLOYMENT DIVISION, *Petitioner,*

*v.*

# ANDERSON, *Respondent.*

(No. 78-T-45, CA 12251)

594 P2d 1260

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem, filed the brief for petitioner.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges.

LEE, J.

**LEE, J.**

Petitioner, Employment Division, seeks review of the referee's order which determined that gardening was not domestic service because it was not performed *in* a private home.

Employer is a private homeowner who employed persons, on a part-time basis, to assist with *inside* household chores and paid $640.03 for such services in the third quarter of 1977. During that same quarter employer also hired persons to do *outside* gardening work who were paid $580.75. The total wages paid during the quarter was $1,220.78. The Employment Division contends that employer owes tax pursuant to the Employment Division Law, ORS chapter 657 because the wages paid for domestic services exceeded $1,000. A hearing was held and the referee excluded the outside gardening wages.

We do not reach the issue raised by petitioner because ORS 657.050(1) provides the following exclusion from the definition of employment:

"'Employment' does not include:

"(1) Domestic service performed in a private home * * * unless such service is *performed after December 31, 1977,* for an employing unit who paid to individuals employed in such domestic service cash remuneration of $1,000 or more in a calendar quarter in the current calendar year or the preceding calendar year." (Emphasis supplied.)

Because the work was "performed" in the third quarter of 1977 and was *not* done "after" December 31, 1977, as required by ORS 656.050(1), the result from which petitioner appeals was correct.

Affirmed.